THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE HOWARD, PLAINTIFF IN ERROR.

Submitted March 25, 1912—Decided June 20, 1912.

On error to the Supreme Court, which affirmed a judgment of the Hudson County Sessions.

The opinion of the Supreme Court was expressed in the following:

PER CURIAM.

The defendant was indicted in 1905 for larceny from the person of one Edward Aurnhammer, of $36 in money, whereof he was duly convicted, in May, 1910.

The first assignment of error involves a series of questions and answers, seven in number, excepted to as incompetent, no other reasons being given.

They are as follows:

"*Q.* How long after you say you lost it?

"*A.* How long after I lost it?

"*Q.* Yes.

"*A.* It was about, if I recollect when it was (interrupted) * * *.

"*Q.* How long after you made the complaint in the police station, the written complaint, did you get your money back?

"*A.* I think it was a few days after, I cannot tell.

"*Q.* While these men were in custody? * * *

"*A.* Yes.

"*Q.* How much did you get back?

"*A.* Forty dollars.

"*Q.* Where were you when you got this money back?

\* \* \*

"*A.* I was in the place of business, my brother's place of business, when I got the money back.

"*Q.* Where?

"*A.* In Newark."

Apparently, exception was taken to the last question only. No grounds are stated, and therefore the ruling cannot be reviewed on error. *Wallace, Muller & Co.* v. *Leber,* 36 *Vroom* 198.

The next assignment is as to the following question put upon cross-examination:

"*Q.* You say you got your money back while these men were in custody. What do you mean by that?

"*A.* It was brought to me by a woman who claimed to be the wife of one of these men."

There was a motion then made to strike it out, on the ground that it was not responsive.

When the examiner on cross-examination goes into the meaning of the plaintiff's language he is very apt to get more than he desires. Having taken the risk, and sought witness's meaning, he ought to be bound, in error, by the statement of the witness thus called for. The answer is responsive.

The next is as to the language employed by the prosecutor in addressing the jury. It was no more than just comment, and does not constitute error.

The next is as to the refusal of the court to instruct the jury to disregard the testimony as to the alleged return of the money. This fact was fairly in the case, and it was not error to refuse to take from the jury's consideration.

The court charged the jury, concerning the right of the defendant, to refrain from taking the stand. Error is assigned upon the charge in that regard. The extract which formed the basis of the exception involved two propositions; for the court after stating that "the law is not, that the de-

fendant's failure to take the stand *cannot be commented on,"* then said, first, that "no man shall be compelled to be a witness against himself," which is undoubtedly good law.

Then follows another statement of the law, viz., where the facts indicative of guilt have been proved, and the defendant fails to take the opportunity to refute the testimony, the jury can draw such inference as that failure would suggest, which is undoubtedly erroneous as a legal proposition. It is only where the defendant has specific knowledge of the facts charged to make out his guilt and can specifically deny them, as distinguished from a general denial, that he will be criticisable for not making such denial.

It is impossible, however, to state to which proposition the exception applies, and it should therefore not be noticed.

The last is: "I will charge you that as far as any statements were made by any person who returned the money to the complaining witness, you will disregard any such statement, but you have a right to consider, amongst other circumstances, the fact that the amount was returned to him from an unknown source, of money which he claimed he was robbed of, shortly after the defendant's arrest; you have a right to consider that fact with other facts, as one of the circumstances * * * in determining the guilt or innocence of the defendant."

The fact that the amount of money was returned was in evidence, legally and unobjected to, and the charge in that particular is unobjectionable.

The judgment is affirmed.

For the plaintiff in error, *Alexander Simpson.*

For the defendant in error, *Pierre P. Garven,* prosecutor of the pleas.

PER CURIAM.

The judgment under review will be affirmed, for the reasons stated in the opinion delivered in the cause by the Supreme Court.

*5 Vroom.*          Stout v. Edison Cement Co.

For *affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCH-
ARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH,
VROOM, CONGDON, WHITE, TREACY, JJ. 12.

For *reversal*—None.